# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

County in which action arose: BUTLER

## I. (a) PLAINTIFFS
TYRONE ALLEN, LORIANN STEVENS and RAYVAR WILLIAMS

### DEFENDANTS
GREYHOUND LINES, INC.

**(b)** County of Residence of First Listed Plaintiff: **FORSYTH**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **WAYNE**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

GEOFFREY N. FIEGER (P30441); ROBERT N. HESTON (P63934)
FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON, P.C.
19390 WEST TEN MILE ROAD, SOUTHFIELD, MI 48075; (248) 355-5555

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S. Code 1332

Brief description of cause:
Roll-over motor vehicle accident involving a commercial vehicle

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE: FRIEDMAN
DOCKET NUMBER: 13-CV-14535

DATE: February 12, 2014
SIGNATURE OF ATTORNEY OF RECORD: *Robert N. Heston*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

1. Is this a case that has been previously dismissed?  ☒ Yes  ☐ No

   If yes, give the following information:

   Court: USDC, WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

   Case No.: 13-cv-01374

   Judge: Robert J. Jonker

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☒ Yes  ☐ No

   If yes, give the following information:

   Court: USDC, EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

   Case No.: 13-cv-14535

   Judge: Bernard A. Friedman

   Notes: CASE WAS INITIALLY ERRONEOUSLY FILED IN WESTERN DISTRICT.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE ALLEN, LORIANN STEVENS,
and RAYVAR WILLIAMS,

    Plaintiffs,

v

GREYHOUND LINES, INC.,

    Defendant.

Case No.
Hon.

---

Geoffrey N. Fieger (P30441)
Robert N. Heston (P63934)
James J. Harrington, IV (P65351)
Attorneys for Plaintiff
Fieger, Fieger, Kenney, Giroux, Danzig
  &amp; Harrington, P.C.
19390 West 10 Mile Rd.
Southfield, MI 48075
(248) 355-5555
Fax: (248) 355-5148

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is another other civil action (Burton v. Greyhound Lines) Case #13-cv-14535) currently before the Honorable Bernard Friedman arising out of the same transaction or occurrence as alleged in this complaint.

                /s/ Robert N. Heston
                Robert N. Heston (P63934)

FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

NOW COME Plaintiffs by and through their attorneys, FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON, P.C., for their Complaint against Defendant, stating the following:

## JURISDICTIONAL ALLEGATIONS

1. At all times relevant to this lawsuit, Plaintiff, Tyrone Allen, was a resident of Winston-Salem, North Carolina.

2. At all times relevant to this lawsuit, Plaintiff, Lorianne Stevens, was a resident of Halladay, Tennessee.

3. At all times relevant to this lawsuit, Plaintiff, Rayvar Williams, was a resident of Detroit, Michigan.

4. In all times relevant hereto, Defendant, Greyhound, Inc., was, and is, a Texas Corporation, continuously and systematically doing business in the City of Detroit, County of Wayne, State of Michigan.

5. The acts, transaction, and occurrence giving rise to this cause of action occurred within the confines of the State of Ohio.

6. The amount in controversy greatly exceeds the sum Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, attorney fees, punitive and exemplary damages.

7. Jurisdiction is properly vested with this court.

8. Ohio substantive law is applicable to Plaintiffs' claim.

## FACTUAL ALLEGATIONS

9. Plaintiffs hereby restate and re-allege each and every allegation contained within paragraphs 1-8 as if fully set forth herein.

10. On September 13, 2013, at approximately 10:15 p.m., Plaintiffs boarded the Greyhound

2

Bus located in Lexington, Kentucky.

11. Plaintiffs' final destination was the City of Detroit, State of Michigan.

12. Plaintiffs were all passengers in the bus at the time of this incident.

13. At all times relevant, Defendant, Greyhound Lines, Inc., was the owner of the subject bus in which all Plaintiffs were passengers.

14. At all times relevant, Defendant, Greyhound Lines, Inc., was the employer of Dwayne Garrett, who was the bus driver of the subject Greyhound bus.

15. At all times relevant, Dwayne Garrett was driving the above-described Greyhound bus at the expressed or implied consent of the owner, Defendant, Greyhound Lines, Inc.

16. Defendant, Greyhound Lines, Inc., is liable to all Plaintiffs for the negligent acts of its employees, specifically employee, Dwayne Garrett, by the doctrine of respondeat superior, vicarious liability.

17. On September 14, 2013, at approximately 3:45 a.m., Dwayne Garret, while acting within the course of the scope of his employment with Defendant, Greyhound Lines, Inc., was traveling northbound on I-75, near Liberty Township, Ohio.

18. On September 14, 2013, at approximately 3:45 a.m., Dwayne Garrett, while acting within the course of the scope of his employment with Defendant, Greyhound Lines, Inc., lost control of the Greyhound bus that he was operating, causing the vehicle to leave the roadway and roll-over multiple times, and eventually crashing into a tree.

19. Plaintiffs suffered serious and permanent bodily injuries as a direct and proximate result of Dwayne Garrett losing control of the bus, causing it to roll-over several times.

## COUNT I

### NEGLIGENCE/GROSS NEGLIGENCE
### AGAINST DEFENDANT, GREYHOUND LINES, INC.

20. Plaintiff reasserts and re-alleges each and every allegation set forth in paragraphs one 1

through 19 as if fully set forth herein.

21. At the time of the accident, Defendant, Greyhound Lines, Inc., and employees of Defendant, Greyhound Lines, Inc., owed certain duties, including a heightened duty of care as a common carrier, to the general public, and in particular, to Plaintiffs, to operate a motor vehicle under a reasonable, prudent and safe manner so as to avoid unnecessary injuries to the Plaintiffs.

22. At the time of the incident, Defendant, Greyhound Lines, Inc., breached the above duties when Dwayne Garrett, driver of the subject Greyhound bus, operated the bus in a negligent, grossly negligent, reckless, careless, willful, and wanton manner, in the following ways including, but not limited to:

   a. Driving a vehicle upon a public highway in a willful and/or wanton disregard for the safety of others;

   b. Falling asleep or otherwise being distracted as he operated the vehicle on I-75;

   c. Failure to properly rest, or otherwise prepare, for a bus trip requiring late travel through the night;

   d. Failing to operate a vehicle without reasonable control in violation of ORC and Section 4511.202;

   e. Operating a vehicle in an unreasonable speed in violation of ORC and Section 4511.202;

   f. Failing to keep a sharp and careful lookout and to be attentive to traffic conditions;

   g. Failing to exercise due care to avoid colliding with oncoming traffic while making a left-hand turn;

   h. Failing to drive as a reasonable and prudent person under the circumstances;

   i. Failing to take appropriate, evasive actions;

   j. Operating an automobile on a public street in a manner which endangered persons and property lawful in and on the street;

   k. Driving at a speed in excess of the conditions existing at the time of the crash;

4

l.  Carelessly driving a vehicle upon a public roadway in violation of applicable law;

m.  Failure to keep the vehicle under control;

n.  Failure to take evasive actions so as to avoid a collision;

o.  Negligently driving a vehicle upon a public highway in a willful and/or wanton disregard for the safety of others;

p.  Failure to properly warn or advise the passengers of the Greyhound bus line of a possible or impending crash; and

q.  Other violations revealed during the discovery process.

23. At all times relevant, Defendant, Greyhound Lines, Inc., and its employees including, but not limited to, Dwayne Garrett, acted with a substantial disregard for whether injury would occur, or otherwise in a grossly negligent manner.

24. As a direct result of Defendant, Greyhound Lines, Inc., (and its employees including, but not limited to, Dwayne Garrett) negligence and gross negligence, Plaintiffs suffered, and will continue to suffer, from severe and permanent injuries.

## COUNT II

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff reasserts and re-alleges each and every allegation set forth in paragraphs one 1 through 24 as if fully set forth herein.

26. As a result of the Greyhound bus driving off the highway, rolling over, and ultimately crashing, all Plaintiffs were injured.

27. Each Plaintiff witnessed, and was directly involved in this serious, life-threatening collision, which was of such a nature as to cause severe mental and emotional disturbances to each of them.

28. The shock from the collision has caused Plaintiffs to suffer from stress, anxiety, fear,

5

tearfulness, trembling, and all damages set forth in Count I of the Complaint.

29. All Plaintiffs were on the Greyhound bus at the time of the crash.

30. Each and every Plaintiff has suffered serious emotional distress as they were unable to cope adequately with the mental distressing gendered by the circumstances of the subject crash.

31. It was reasonably foreseeable that each Plaintiff would suffer serious emotional distresses resulting from Defendant's conduct.

32. The serious emotional distress suffered by each and every Plaintiff was a direct result of being a bystander to the crash, involved in the crash, and was placed in fear of actual physical peril during the crash.

WHEREFORE, Plaintiffs respectfully request this honorable Court enter Judgment in their favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars and award costs, interest, attorney fees and exemplary damages so wrongfully incurred.

Respectfully submitted by:

/s/ Robert N. Heston
GEOFFREY N. FIEGER (P30441)
ROBERT N. HESTON (P63934)
JAMES J. HARRINGTON, IV (P65351)
Attorneys for Plaintiff
Fieger, Fieger, Kenney, Giroux, Danzig
 & Harrington, P.C.
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555

Dated: February 12, 2014

6

## DEMAND FOR TRIAL BY JURY

NOW COME Plaintiffs by and through their attorneys, FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON, P.C., and hereby request a trial by jury in the above-captioned matter.

Respectfully submitted by:

/s/ Robert N. Heston
GEOFFREY N. FIEGER (P30441)
ROBERT N. HESTON (P63934)
JAMES J. HARRINGTON, IV (P65351)
Attorneys for Plaintiff
Fieger, Fieger, Kenney, Giroux, Danzig
 & Harrington, P.C.
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555

Dated: February 12, 2014

## PROOF OF SERVICE

I hereby certify that on February 12, 2014, I electronically served Plaintiffs' Complaint, Demand for Trial by Jury, and this Proof of Service, using the Court's electronic filing system which will send notification to all counsel of record.

I declare under penalty of perjury that the above information is accurate to the best of my understanding and belief.

/s/ Nicole F. Soulsby
Legal Assistant to Robert N. Heston
Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C.

Dated: February 12, 2014